UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE , ) | |
| COMPLAINT OF OSAGE MARINE ) | |
| SERVICES, INC. FOR EXONERATION ) | Cause No. 4:15-cv-00856 ERW |
| FROM, OR LIMITATION OF, ) | |
| LIABILITY ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Claimant's motion to dissolve the restraining order entered on July 28, 2015. [ECF No. 11].

### I. BACKGROUND

Petitioner brings this action for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501-12. [ECF No. 1]. The Petitioner, Osage Marine Services, Inc. (Osage), owned the M/V Francis which was docked at Osage's facility located at Mile 175, Upper Mississippi River. At all relevant times, Osage was the owner of the M/V Francis.

Claimant Brian Brown was employed as a deckhand on the M/V Francis. On December 1, 2014, Brown, while working on the vessel claimed to sustain injuries to his left knee, back and neck when he slipped upon the deck of the M/V Francis while carrying a water cooler. Brown filed suit in St. Louis City Circuit Court, asserting claims under the Jones Act, 46 U.S.C. § 30104, and for unseaworthiness and maintenance and cure under the General Maritime Law. Osage denies any liability.

After the State Court lawsuit was filed, Petitioner brought this action to limit any liability in this matter to the plaintiff's interest in the vessel, which Osage claims is $900,000. Pursuant to 46 U.S.C. §30511(b) and Fed. R. Civ. P. Supp. R. F(1), petitioner filed an *Ad Interim* stipulation for value as a security in which it agreed to pay into the Court within 10 days the value of the petitioner's interest in said vessel. [ECF No. 4].

Brown asks the Court to dissolve the restraining order allow him to proceed with his Jones Act claim in State Court, and has filed stipulations with this Court concerning the Court's exclusive jurisdiction over matters regarding the litigation of the limitation fund and waiver of claims of res judicata. *See* [ECF Nos. 11, 13]. Osage contends Brown's stipulations must state the limitation fund properly reflects the value of the vessel involved, and requests two of Brown's stipulations be revised as they are too ambiguous to properly protect its interest. [ECF No. 17]

**II.  DISCUSSION**

*A.  Stipulation to Value of Fund being limited to the value of the vessel*

The Limitation of Vessel Liability Act, 46 U.S.C. §§ 30501-30512, allows the owner of a vessel to limit the amount of its liability for a maritime incident to the value of the vessel and its pending freight. 46 U.S.C. §§30505(a). "While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act . . . the same statute also 'sav[es] to suitors in all cases all other remedies to which they are entitled.'" *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1333(1)). Hence, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." *Id.* (citing cases).

State courts may adjudicate claims against the limitation fund "so long as the vessel owner's right to seek limitation of liability is protected". *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (S. Ct. 2001). The Eighth Circuit has recognized "[i]n two kinds of limitation cases, the federal courts have permitted claimants to pursue their remedies in a forum of their

own choosing." *Universal Towing v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979). The first type of case is one in which the limitation fund exceeds the total of all claims. *Id.* (citing cases). The second type of case is the single claimant exception where "there is only one claim which exceeds the value of the fund." *Id.* (citing cases). In the second situation, "a claimant may pursue his common-law remedies in state court, provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." *Id.* at 419 (citing cases).

Here, Brown meets the single claimant exception as there are no concerns regarding multiple claims for the same fund, and both parties have so agreed. [ECF Nos. 12, 17]. "The courts have determined that in such cases a claimant may pursue his common-law remedies in state court provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." *Universal Towing Co,* 595 F.2d 414, 418. When this exception applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985).

Thus, if Brown's stipulations are adequate, the court must dissolve the restraining order and lift the stay. Specifically a claimant must stipulate to "(1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum." *In re Massman*, 2013 WL 718885 at 5 (referencing *Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing cases); *Valley Line*, 771 F.2d at 373 & n.3 (citing cases); see also *Riverway Harbor Serv.*, 263 F.3d at 792).

Therefore the primary issue is whether Brown's stipulations are adequate. Osage contends the stipulations are inadequate because Brown fails to concede the value of the limitation fund is the value of the vessel involved. [ECF No. 17] Osage cites *Universal Towing Co.*, for this requirement because a footnote in the case states: "Specifically, the claimant must file his claim in the District Court; concede that the value of the fund is the value of the vessels and freight; waive any right to assert a claim of res judicata based on the state court judgment; and concede the right to have all limitation of liability issues tried in the District Court." *Universal Towing Co.*, 595 F.2d 414, 419 n.6 (8th Cir. 1979), citing e. g., *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15, 17 (8th Cir. 1977), Cert. denied, 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978); *Petition of Red Star Barge Line*, 160 F.2d 436 (2d Cir.), Cert. denied, 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859 (1947). However, *Lewis* has determined the primary concern is to protect the vessel owner's right to seek limitation of liability. *Lewis*, 531 U.S. 438, 455. "As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the saving to suitors clause. *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 792 (8th Cir. 2001).

Osage's argument is unpersuasive as Brown has already stipulated the District Court has "exclusive jurisdiction on all matters relating to Petitioner's Complaint, including Petitioner's right to litigate a limitation." [ECF No. 13 at ¶ 1.] Brown goes on to further stipulate "this Court has the sole and exclusive jurisdiction to determine the amount of the limitation fund." [ECF No. 13 at ¶ 2.] In this instance Brown need not concede the value of the fund is the value of the vessel, as the primary requirement is "the vessel owner's right to seek limitation of liability is protected." *Lewis,* 531 U.S. 438, 455. "The amount of the limitation fund cannot be determined

without determining which vessels are within the limitation fund. In other words, so long as Claimants stipulate to the Court's jurisdiction over the limitation fund, as they do, they need not stipulate, further, to the amount of the limitation fund." *In re Massman*, No. 4:12-CV-01665, 2013 WL 718885, at *8 (E.D. Mo. Feb. 27, 2013) The substance or amount of the limitation fund is a matter relating to the plaintiff's complaint and Brown need not specifically stipulate the value of the fund nor to the exact vessels in the fund. Therefore, Brown's stipulations are sufficient in this regard and an additional stipulation requiring the size of the fund to be limited to the vessel itself is not necessary.

**2. Sufficiency of Other Stipulations**

Osage also argues Brown's third and fourth stipulations are inadequate because they are too ambiguous to fully protect Osage's rights under the Limitation Act. [ECF No. 17]. Osage requests this stipulation be revised to be less ambiguous and suggests language from prior 8th Circuit decisions. Osage first argues the third stipulation is inadequate as it so ambiguous the stipulation might be construed against them. Brown's third stipulation is:

> "Claimant stipulates that nothing in *Brown v. Osage Marine Services, Inc.,* 1522-CC00519 (City of St. Louis Circuit Court) or any other proceeding on his Jones Act/General Maritime Law personal injury claims will be *res judicata* on matters relating to limitation of Petitioner's liability, which are reserved exclusively for this Court." [ECF No. 3 at ¶ 3].

Claimant must only stipulate to "waive any right to claims of res judicata based on a judgment from another forum." *In re Massman, 2013 WL 718885 at 5*. Osage requests similar language from stipulations used in *Universal Towing* are required, thus effectively arguing a broad waiver requirement.[1] *Universal Towing Co,* 595 F.2d 414, 417. This court has accepted stipulations narrower than those suggested by *Universal Towing.* In *Riverway* the claimant stipulated to

---

[1] Osage specifically requests Brown revise his stipulation to the following: "waive any right to assert a claim of res judicata based on [a] state court judgement."

- 5 -

waive "any claim respecting any res judicata effect on limitation of liability issues as might arise in the event of entry of judgment in the state court case" *Riverway Harbor Service, St. Louis Inc.*, 263 F.3d 786, 791.  Other stipulations have also been accepted such as "consent[ing] to waive any claims of res judicata relevant to the issue of limitation of liability on any judgement that may be rendered in both federal and state courts." *In re Massman* (2013) at 9.  Brown's stipulation is similar to language used in *Riverway* and *Massman*, and the primary concern is to protect Petitioner's right to limit their liability. *Lewis*, 531 U.S. 438, 455.  This stipulation protects Osage's right as nothing decided in the present state case or any other cases regarding the same subject will be res judicata on matters related to the litigation in this case.

Finally, Osage disputes the sufficiency of the fourth stipulation because Osage believes it leaves open the possibility of enforcing a judgement in excess of the limitation fund[2]. [ECF No. 17] The claimant must stipulate to "concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund." *In re Massman, 2013 WL 718885 at 5* (*referencing Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (citing cases); *Valley Line*, 771 F.2d at 373 & n.3 (citing cases); see also *Riverway Harbor Serv.*, 263 F.3d at 792).  Here Brown stipulates:

> "Claimant stipulates that any Judgment in Brown v. Osage Marine Services, Inc., 1522-CC00519 (City of St. Louis Circuit Court) and/or a Jones Act/General Maritime Law personal injury claim in excess of the limitation fund ultimately set by this Court will not be acted upon by Claimant pending this Court's determination of all issues relevant to the limitation of liability." [ECF No. 13 ¶ 4]

This stipulation properly protects Osage's interest because Claimant is limited to whatever the

---

[2] Osage requests it would be less ambiguous for Brown to stipulate to: "not attempt to enforce or collect any judgment in excess of the limitation fund unless the district court first determined that [Petitioner] did not have the right to limit its liability."

court determines the limitation fund is; therefore, Claimant could not recover anything over the limitation fund. Petitioner's concern is illusory.

For the reasons set out above, the court finds Brown's stipulations are adequate. Therefore, the court will dissolve the restraining order, and stay all proceedings in this Court pending the resolution of Claimant's State court claims.

Accordingly,

**IT IS HEREBY ORDERED** Claimant Brian Brown's Motion to Dissolve Restraining Order [ECF No. 11] is **Granted**.

**IT IS FURTHER ORDERED** the stay and restraining order entered on June 4, 2015 is **dissolved** to permit claimant to proceed with the action styled Brown v. Osage Marine Services, Inc., Cause No. 1522-CC00519, filed in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis).

**IT IS FURTHER ORDERED** a stay of entry of judgment and enforcement of recovery in any proceeding pending final judgment in this limitation proceeding is entered.

Dated this 4th Day September, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE